# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN
# LANSING DIVISION

| | |
|---|---|
| WILLIAM I. HUNT,<br><br>Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC,<br><br>Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 1:20-cv-01070<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes WILLIAM I. HUNT ("Plaintiff"), by and through his undersigned attorneys, complaining as to the conduct of MIDLAND CREDIT MANAGEMENT, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, as well as 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Michigan and a substantial portion of the events or omissions giving rise to the claims occurred within the Western District of Michigan.

## PARTIES

4. Plaintiff is a consumer over 18 years-of-age residing in Holt, Michigan, which lies within the Western District of Michigan.

5. Defendant is a collection company that claims to, "specialize in servicing accounts that have fallen behind and have been charged off by the lender."[1] Defendant is incorporated in the State of Kansas and maintains its principal place of business at 3111 Camino Del Rio North, Suite 1300, San Diego, California 92108.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action arises out of Defendant's attempt to collect upon an outstanding debt ("subject debt") that Plaintiff allegedly owed to Synchrony Bank.

8. Plaintiff used his Synchrony Bank credit card to finance the purchase of various household and personal items.

---

[1] https://www.midlandcredit.com/who-is-mcm/

9. Upon information and belief, after Plaintiff's purported default, the subject debt was charged off by Synchrony Bank and eventually sold to Defendant for collection purposes.

10. In an attempt to collect the subject debt, Defendant sent a letter to Plaintiff dated October 11, 2020.

11. Defendant's October 11, 2020 letter was enclosed in an envelope that prominently displayed the words "**TIME SENSITIVE DOCUMENT**" on its exterior in bold font.

12. When Plaintiff observed the "**TIME SENSITIVE DOCUMENT**" contained on the envelope, his attention was immediately drawn to the formatting of the words "**TIME SENSITIVE DOCUMENT.**"

13. Reading the words "**TIME SENSITIVE DOCUMENT**" caused Plaintiff to worry about the contents of the unknown letter, as Plaintiff was unsure as to what time sensitive documents he would be receiving from a completely unknown sender. Plaintiff immediately grew nervous and anxious to learn the contents of the letter.

14. As a result of the "**TIME SENSITIVE DOCUMENT**" disclosure on the envelope, Plaintiff immediately opened the collection letter to determine what time sensitive documents were at issue.

15. Plaintiff was worried, anxious, and nervous to figure out what time sensitive information she was receiving from a completely unknown sender.

16. Upon information and belief, Defendant routinely sends collection letters inside of envelopes marked "**TIME SENSITIVE DOCUMENT**" in an attempt to cause unsophisticated consumers to open the envelopes, read the enclosed letter, and call or otherwise interact with Defendant regarding the subject debt.

17. Upon information and belief, Defendant has determined that it collects more money from consumers when it sends letters in "**TIME SENSITIVE DOCUMENT**" envelopes, notwithstanding the prohibition against such superfluous language on the envelopes of collection letters.

18. The envelope's inclusion of the words "**TIME SENSITIVE DOCUMENT**" on its exterior additionally created a false sense of urgency for Plaintiff who was unable to address even a portion of the subject consumer debt, in turn creating unnecessary distress in Plaintiff.

19. Upon opening the contents of the "**TIME SENSITIVE DOCUMENT**" envelope, Plaintiff was disheartened and frustrated that there was nothing time sensitive about the correspondence contained within the time sensitive envelope.

20. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to confusion and aggravation.

21. Plaintiff has further been unnecessarily confused and concerned given Defendant's violations of law, and has further suffered a violation of his state and federally protected interests as a result of Defendant's conduct.

22. Plaintiff was further subjected to deceptive and misleading conduct by Defendant which materially impacted and shaped his reaction and course of conduct in response to Defendant's collection efforts.

23. Additionally, Defendant's conduct posed a material risk of harm to the interests protected by the FDCPA, including Plaintiff's interest in receiving truthful and accurate information regarding Defendant's collection efforts, as well as the FDCPA's interest in ensuring that otherwise compliant debt collectors are not disadvantaged in the marketplace through unlawful conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff repeats and alleges paragraphs 1 through 23 as though fully set forth herein.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

26. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

27. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

28. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of the FDCPA § 1692e

29. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

30. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

31. Defendant violated §§1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Specifically, it was deceptive for Defendant to implicitly represent that it could include the words "TIME SENSITIVE DOCUMENT" printed on an envelope containing a collection letter that was not inherently time-sensitive in nature. The FDCPA specifically prohibits debt collectors from including this type of language on its envelopes, thus Defendant acted deceptively by including it in clear violation of the FDCPA. Defendant's

actions only served to worry Plaintiff into opening the envelope and thus increasing the likelihood with which Defendant would be able to obtain money from Plaintiff.

### b. Violations of FDCPA § 1692f

32. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

33. In addition, this section enumerates specific violations, such as:

> "Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business." 15 U.S.C. §1692f(8).

34. Defendant violated § 169f(8) when it unfairly attempted to collect upon the subject consumer debt. Any reasonable fact finder will conclude that Defendant's inclusion of "**TIME SENSITIVE DOCUMENT**" on the front of the envelope violates 15 U.S.C. § 1692f(8). As alleged, Plaintiff instantly opened Defendant's mail because it said "**TIME SENSITIVE DOCUMENT.**" Upon information and belief, Defendant has determined that it collects more from consumers by including "**TIME SENSITIVE DOCUMENT**" on envelopes. On information and belief, Defendant's research demonstrates that the least sophisticated consumer or the unsophisticated consumer is more likely to open letters sent in envelopes marked "**TIME SENSITIVE DOCUMENT**".

WHEREFORE, Plaintiff WILLIAM I. HUNT, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: November 5, 2020            Respectfully submitted,

s/ Nathan C. Volheim     (Lead Attorney)
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com